THEOPHILUS C. HUNT v. EBEN J. CHAPIN AND ROBERT
H. FOSS.

*Tax titles—Presumption of validity of tax.*

A tax-deed based upon distinct taxes of different years is valid if
any one of the sales was valid, whether the others were or not.

Where the board of supervisors had ordered certain specified taxes
spread upon the rolls, it was *held* that the fact that others were
added would not invalidate the tax without an affirmative show
ing that they were not duly authorized. Comp. L., § 1129.

The county clerk is not required to certify to the township treas-
urer's return to the county treasurer, but to the proceedings had
on extending the time for collecting taxes, and to the accuracy
of the county treasurer's transcript to the Auditor General.

Error to Osceola. Submitted Oct. 15. Decided Oct. 28.

EJECTMENT. Defendant brings error.

*Frank Dumon* for plaintiff in error.

*Brown & Palmer* for defendants in error.

GRAVES, J. The final controversy between these par-
ties is upon the validity of a conveyance made by the
Auditor General, and transferring the right acquired by
the State, if any, through sales for the taxes against the
land for the years 1869 and 1870. The defendants
in error held the original title, and Hunt, who was
defendant below, holds the tax title derived from the
State. The cause comes before us on a finding by the
circuit judge, who reached the conclusion that the tax-
title was invalid, and so decided. The question is whether
the facts reported warrant this determination.

If one of the two sales was valid according to the
finding, it vested a transferable title on which the
grantee could stand, and in case the other was not
valid, its inclusion in the State deed could not impeach
the grant as to the other. Hence the title under the
State deed must be deemed sufficient, unless it appears
upon the facts that both sales are impeached.

The circuit judge has found that the board of supervisors at their annual session in 1869, directed the supervisor of the township in which the land is situated, to spread upon the roll a State and county tax, but did not direct spreading any other. That in fact, however, there was spread additional taxes for township, highway and school purposes, and that an item of each was assessed against the land in question; that in 1870 the board directed him to spread a State, county and township tax, and no other; but that he added a school and highway tax, and that some of each was assessed against this land. There is no finding whether these local taxes, added by the supervisor without direction of the board of supervisors, were or were not raised or authorized by any authority, or whether the school tax was the usual mill tax or some other. On these subjects the finding gives no explanation.

In this state of the case the plaintiff in error, who relies on the tax-title, contends that as there is nothing found to the contrary, it is a presumption of law that these taxes were duly authorized and were regular; and on the other hand, the defendants in error, who dispute this title, assume the position that as there is no finding of any proceeding for the raising of those taxes, the conclusion must be that they were placed on the roll without any authority whatever. We think the position taken by the plaintiff in error is upon this record the true one.

That these taxes might have been lawfully authorized must be admitted. The circumstances do not show that there was any lack of occasion or lawful impediment. The statute not only enacts that the Auditor General's deed shall be *prima facie* evidence of the regularity of all the proceedings (Comp. L., §§ 1057, 1091; *Blackwood v. Van Vleit,* 30 Mich., 118), but in section 1129 it provides further that " all taxes assessed upon any property in this State shall be presumed to be legally assessed until the contrary is affirmatively shown."

42 MICH.—4.

These regulations are controlling.  As we have seen, the fact is found that these township, school and highway taxes for 1869 and school and highway taxes for 1870 were actually assessed against the land, while at the same time there is no affirmative finding or any finding whatever that they were not duly authorized.  Here then the law comes in aid of what is actually found and fills up the gap.  If there were facts to show affirmatively that the taxes were authorized, there would be no occasion for presumption; and on the other hand, if there were facts to show affirmatively that they were not authorized, there would be no room for any.  There is hence no place for the application of the rule of presumption enacted by the statute, except one like this where the point is left neutral on the reported facts.  It was for defendants in error as assailants of the tax-title, if the case permitted, to leave no room for this presumption on the subject.  It was incumbent on them to bring upon the record an affirmative showing indicative of the want of authority to assess these taxes.  On this part of the case the tax-title must prevail.

But there is a further ground of complaint against it.  It is found that there was no certificate by the county clerk to the return, or statement made by the township treasurer to the county treasurer for either year, and no certificate by the county treasurer to the township treasurer's return for 1870.  These omissions are claimed to invalidate the sales of both years.

There is no provision for the clerk to certify to the township treasurer's returns to the county treasurer. The clerk's duty to certify applies to proceedings where the time for collecting is extended (Comp. L., § 1005), and to the accuracy of the county treasurer's transcript to be sent to the Auditor General (§ 1033).  *Supervisors of Houghton v. Rees*, 34 Mich., 481.

This disposes of the objection so far as it relates to the sale for 1869.  What is left of it only concerns the sale for 1870, and the point is whether the omission of

the county treasurer to certify to the correctness of the return made by the township treasurer is a fatal defect in the proceedings for that year. The question is important, and some members of the court think it desirable to have more discussion before giving an opinion upon it. The result on this hearing does not depend upon it. The sale for 1869 stands by itself, and as it seems to have been valid, the Auditor General's conveyance is not void. It was an effective grant of all the interest which the State acquired by virtue of that sale, and was sufficient to show title in the plaintiff in error. There is consequently no necessity at present for going into the objection made to the sale for 1870. Its decision one way or the other could make no difference.

We think the court erred in finding against the tax-title on the facts reported, and that the judgment should be reversed and one entered here for the plaintiff in error, with costs of both courts, and the case be remanded for such other proceedings as may be proper.

The other Justices concurred.