Moses Chesley *vs.* John J. Perry.

Cumberland.    Opinion March 10, 1886.

*Indorser of a writ.    Officer's return.    Evidence.    R. S., c. 81, § 7.*

The return of the proper officer upon an execution for costs, that he has demanded payment of it from the indorser of the original writ who neglected to pay the same, or to show personal property sufficient to satisfy the same, is conclusive evidence of the liability of the indorser in an action on the case against him, under R. S., c. 81, § 7.

On exceptions from the superior court.

The case is stated in the opinion.

At the trial the plaintiff put in the defendant's admission that he endorsed the original writ, the record of the judgment, the execution with the officer's return thereon as follows :

" Cumberland, ss. October 5, 1883. ˙ I have demanded payment of the within execution of John J. Perry, and he neglected to pay or to show me personal property sufficient to satisfy the within execution.          H. R. Sargent, Deputy Sheriff."

The presiding justice directed a nonsuit to be entered, and to this ruling the plaintiff alleged exceptions.

*David Dunn,* for the plaintiff.

*John J. Perry,* for the defendant.

The liability of an indorser of a writ in all the revisions of the statute has been based upon the same provisions as they are found in the act of 1821 ; in fact the same language has been retained, word for word.   The indorser is " liable in case of the avoidance or inability of the original plaintiff " and not otherwise.

" The undertaking of an indorser of a writ is in its nature conditional, depending on the avoidance or inability of the plaintiff, of which certain statute proof is required, and it is also the collateral undertaking of one man, for the conditional payment of the debt of another."   MELLEN, C. J., in *Reid* v. *Blaney,* 2 Maine, 128.   Counsel also cited on this point : *Palister* v. *Little,* 6 Maine, 352 ; *Dillingham* v. *Codman,* 18 Maine, 75 ; *Wilson* v. *Chase,* 20 Maine, 385 ; *Thomas* v. *Washburn,* 24 Maine, 228 ; *Neal* v. *Washburn,* 24 Maine,. 331 ; *Ruggles* v. *Ives,* 6 Mass. 494 ; Spaulding's Practice, 87.

In this case there was no evidence of avoidance or inability of˙ the judgment debtor, and none could be put in because there⹁ was no allegation of that fact in the writ.

HASKELL, J.   Case, to recover costs of the defendant, as indorser of a writ.

By the act of 1821, c. 59, § 8, writs in certain cases were· required to be indorsed.   Under that act, the court held that *scire facias* was the proper and only proceeding by which costs

could be collected from an indorser; but that method required so exact compliance with technical rules of law, that the legislature, in the revision of 1840-41, enacted, c. 114, § 18, that the remedy should be an action on the case, and that a " return upon the execution issued in any such case, by an officer of the county, where said indorser lives, that he had demanded payment of the same of said indorser, and that said indorser has neglected, either to pay the same, or to show said officer personal property *of the plaintiff* sufficient to satisfy said execution, or that he can not find said indorser within his precinct, shall be *conclusive evidence* of the liability of said indorser in said suit." This enactment has been continued without change to the present day. R. S., 1857, c. 81, § 10; R. S., 1871 and 1883, c. 81, § 7. True, the revision of 1857 omits in terms to require a return of the failure of the indorser to show personal property *of the plaintiff*, but does require a return of the failure to show personal property, that is, property that can be taken upon the execution, and property of the plaintiff can only be so taken, so that the meaning of the statute of 1840-41 is retained in the subsequent revisions, and a return of an officer, in the language of these revisions, complies with their requirements, and takes to itself their meaning.

Since the enactment of 1841, no case cited at the bar pretends to hold any other prerequisite necessary to charge an indorser than the provisions of that statute define. The officer's return, upon the execution in evidence, complies in every particular with the terms of the statute, and is conclusive evidence of the liability of the indorser. The defendant admits that he indorsed the writ, and no good reason is shown why he should not abide the terms of his contract.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.