## ADAMS et al. v. CALLANDER.

No. 11683—Opinion Filed Oct. 9, 1923.

Rehearing Denied Nov. 20, 1923.

### Taxation—Tax Deed—Statutory Requisites.

A tax deed executed by a county treasurer that fails to contain the recitals re-

quired by the statute is void on its face and conveys no title.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by J. A. Callander against Allie Adams and John E. Gaffney. Judgment for plaintiff, and defendants appeal. Reversed.

H. M. Adams, for plaintiffs in error.

Fred W. Green, for defendant in error.

Opinion by MAXEY, C. This is an action by J. A. Callander, defendant in error, against Allie Adams and John E. Gaffney, plaintiffs in error, to recover the possession and to quiet title to lots 7, 8, 9, and 10, block 37, Capitol Hill addition to the town of Guthrie. The basis of plaintiff's title is a tax deed from the county treasurer of Logan county to the plaintiff, J. A. Callander, executed on the 15th day of May, 1918. The deed covers a large number of lots not involved in this suit, and omitting the lots not involved, and only including those involved in this suit, the following is a copy of the deed, omitting the acknowledgement:

"This Indenture. Made this 15th day of May in the year, A. D., 1918, between F. W. Wolfe, County Treasurer, of the first part, and J. A. Callander of the second part.

"Witnesseth. That the said party of the first part, in consideration of the sum of $1,462, to him duly paid, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell and convey unto the said party of the second part, and to his heirs and assigns forever, all his right, title, interest, and estate, both at law and in equity of in and to the following described real estate in the county of Logan and state of Oklahoma, to wit * * * Lots 7, 8, 9, 10 * * * block 37, all in that part of the city of Guthrie known as Capitol Hill.

"Together with all and singular the hereditaments and appurtenances thereunto belonging. To have and to hold the above granted premises unto the said party of the second part, his heirs and assigns forever.

"In Testimony Whereof, The said F. W. Wolfe, county treasurer of the said county of Logan, has hereunto set his hand and official seal on the day and year aforesaid.
"F. W. Wolfe,
"Attest——    "County Treasurer (Seal)"

This deed is void on its face. Its introduction in evidence was objected to on the ground that it was void on its face, but the objection was overruled and the defendants excepted, and have assigned that as error in this court. We think the error is well taken. Section 9750, Comp. Stat. 1921, is as follows:

"Details of Deed—Presumptive Evidence of What.

"The deed shall be signed and executed by the county treasurer in his official capacity, and acknowledged before some officer authorized to take acknowledgments of deeds; and when substantially thus executed and recorded, in the proper record of titles to real estate, shall vest in the purchaser a full right, title, and interest in and to said lands. Such deed shall be presumptive evidence in all the courts of the state, in all suits and controversies in relation to the rights of the purchaser, his heirs or assigns to the lands thereby conveyed of the following facts:

"First. That the real property deeded was subject to taxation for the year or years stated in the deed.

"Second. That the taxes were not paid at any time before the sale.

"Third. That the real property deeded had not been redeemed from sale at the date of the deed.

"Fourth. That the property had been listed and assessed.

"Fifth. That the taxes were levied according to the law.

"Sixth. That the property was sold for taxes, as stated in the deed, and was duly advertised before being sold, and to defeat the deed it must be clearly plead and clearly proven that some one of the above named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed."

It will be observed that this section sets out what the deed shall contain, and when these things are incorporated in the deed, the deed is presumptive evidence that the statute has been complied with, a fortiori. If the deed does not contain these requirements the deed is void upon its face and conveys no title. We deem it unnecessary to discuss the various sections of the statute or the authorities cited in this case, and do not deem it necessary to discuss any of the errors assigned except the second, which is, that said court erred in not holding that the tax deed from the county treasurer of Logan county on which defendant in error bases his title was void on its face. It is too plain to require citation of authorities or further discussion. The judgment of the trial court is reversed and the case remanded, with directions to dismiss the action.

By the Court: It is so ordered.