Note.—See under (1) 31 Cyc. pp. 515, 519 (Anno): 20 R. C. L. 687; 5 R. C. L. Supp. p. 1123. (2) 31 Cyc. pp. 515, 519.

---

### TREESE et al. v. FERGUSON et al.

No. 13819—Opinion Filed Oct. 27, 1925.

Rehearing Denied Dec. 14, 1926.

1. **Taxation — Resale Tax Deed Reciting Conclusion as to Notice not Void on Its Face—Presumptive Evidence.**

A resale tax deed, reciting as to notice of the sale of the lands, the conclusion, "the same were duly and legally advertised for sale at resale for the taxes, etc., is not void on its face because of failure to recite also the doing of the prerequisite acts constituting such notice. Such deed, thus containing in substance what section 9750, C. O. S. 1921, requires as to notice, is presumptive evidence in all the courts of this state that all acts and proceedings as to notice were duly performed by the proper officers. The burden of proving any failure to give such notice is on the one attacking such deed.

2. **Same—Statutory Form Prescribing Conclusion as-to Notice.**

The Legislature has full power and authority to prescribe the form of tax deed. Where such form prescribes the recitation of a conclusion on the prerequisite facts, it is not necessary that such deed set forth such acts and proceedings in order to be valid on its face. The resale tax deed under

syllabus 1 is substantially in the language of section 9752, Statutes, supra, providing the form of tax deed in this state, providing as to notice, a tax deed shall recite the conclusion, "that said lands had been legally advertised for sale for said taxes." etc., and, a fortiori, is not void on its face.

3. **Same—Statute as to Resale Tax Deed not in Conflict—One Scheme for Raising Revenue.**

Section 9746, Statutes, supra, providing for the execution of a resale tax deed, is not in conflict with said presumptive evidence statute, under syllabus 1, or said form statute under syllabus 2. Said statutes are parts of the machinery in one scheme for providing revenue for the support of the government and must be construed together, the effectiveness of the tax deed to convey absolute title thereunder being of legislative —not of judicial—cognizance and policy.

4. **Same—Resale Tax Deed Need not Contain Ultimate Facts as to Notice.**

Said section 9746 negatives, and is incompatible with, the theory that a resale tax deed, in order to be valid on its face, should contain in detail the ultimate facts as to the giving of notice so that the court may determine its validity from the face thereof, by providing, as to form, that such deed shall contain merely "a summary statement of the matters and proceedings of such resale"; and by providing that the return of the treasurer filed in the office of the county clerk shall be evidence of the regularity, legality, and validity of all official acts leading to the resale. It cannot be said that because such evidence is required to be on file with the county clerk, it must also appear in the face of the deed, not being so specifically required by said statute. Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, and all other decisions in this jurisdiction in so far as they conflict herewith, are expressly overruled.

5. **Same—Action Attacking Tax Deed not Void on Its Face—Barred by One-Year Limitation.**

Under section 7419, Rev. Laws 1910, an action to set aside a resale tax deed which is not void on its face is barred when not commenced within one year after the recording of such deed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by A. L. Treese et al. against Jo. O. Ferguson et al. to cancel resale tax deed. Judgment for defendants, and plaintiffs appeal. Affirmed.

Walter Mathews, for plaintiffs in error.

McCollum & McCollum, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Plaintiffs sued defendants to cancel a resale tax deed, alleging that at and for several years prior to such sale, they had been the fee-simple owners of the real estate. They alleged that the county treasurer had executed such deed to defendant Jo. O. Ferguson on a purported resale on November 22, 1920. Judgment was for defendants, from which the plaintiffs appeal.

1. Plaintiffs contend that said deed was void on its face because it contained a conclusion as to the giving of notice, rather than a statement in detail of the ultimate facts constituting the notice, so that a court may determine its validity from the face thereof. Certain recent decisions of this court, herein overruled, are relied upon. The sole recitation as to notice contained in the deed is: "The same were duly and legally advertised for sale at resale for the taxes, costs, penalties, and interests," etc.

Section 9750, C. O. S. 1921, is:

"The deed shall be signed and executed by the county treasurer in his official capacity, and acknowledged before some officer authorized to take acknowledgments of deeds; and when substantially thus executed and recorded, in the proper record of titles to real estate, shall vest in the purchaser a full right, title and interest in and to said lands. Such deed shall be presumptive evidence in all of the courts of the state, in all suits and controversies in relation to the rights of the purchaser, his heirs or assigns to the lands thereby conveyed of the following facts: First. That the real property deeded was subject to taxation for the year or years stated in the deed. Second. That the taxes were not paid at any time before the sale. Third. The real property deeded had not been redeemed from sale at the date of the deed. Fourth. That the property had been listed and assessed. Fifth. That the taxes were levied according to the law. Sixth. That the property was sold for taxes as stated in the deed, and was duly advertised before being sold, and to defeat the deed it must be clearly pleaded and clearly proven that some one of the above-named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed."

In effect, said statute is simply a rule of evidence, providing presumptive evidence of six certain facts. one of which is that the property "was duly advertised before being sold." It is specifically therein provided that one seeking to defeat such deed must clearly plead and prove that some one of the six requisites was wholly omitted and not done, thus placing the burden of proof on the one attacking such deed. Of course no one would contend that the owner's property could be taken without notice. An act of the Legislature declaring such recitals to be conclusive would be unconstitutional. Wilson v. Wood, 10 Okla. 279, 61 Pac. 1045. It is quite customary and not ultra vires for the Legislature to prescribe rules of evidence. In Turman et al. v. Ingram, 83 Okla. 198, 202 Pac. 993, Mr. Justice Pitchford reviews the decisions of this court in this behalf. The opinion holds and demonstrates that the holding of this court had ever been at that late date that such legal conclusion as to notice in a tax deed does not render same void on its face. The tax deed in that case recited "that said lands had been legally advertised for sale and sold for said taxes", a legal conclusion, substantially in the form of both statute and the deed in the instant case. The opinion concludes:

"From the foregoing authorities, we are of the opinion that the treasurer's deed to Brown was not void upon its face on the ground that the same fails to recite notice. The failure to give the notice is a matter of defense."

In Adams et al. v. Callander, 93 Okla. 228, 220 Pac. 344, referring to the statute first quoted herein, prescribing such conclusion as to notice, says:

"It will be observed that this section sets out what the deed shall contain, and when these facts are incorporated in the deed, the deed is presumptive evidence that the statute has been complied with. A fortiori, if the deed does not contain these requirements, the deed is void upon its face and conveys no title." Gaffney et al. v. First National Bank, 94 Okla. 177, 221 Pac. 49.

While the courts of Missouri, and perhaps a few others, in certain cases, have, under peculiar statutes and conditions, held that a tax deed should recite the prerequisite facts, leaving it to the proper tribunal to determine whether those facts show a sufficient compliance with the statute, it is pointed out in Black on Tax Titles (2nd Ed.) sec. 403, page 505, that the able and well-reasoned opinion in O'Grady v. Barnhisel, 23 Cal. 287, lays down the true doctrine. Declaring that the primary object of tax sales was to provide revenue for the support of the government. and that the provision in question was a part of the machinery for such purpose. and referring to a situation analogous to that obtaining in this state. that court said:

"It had become proverbial that a tax title was no title at all, and a sale for taxes was as near a mockery as any proceeding having the appearance of legal sanction could be. The principal cause was the difficulty in proving the various steps essential to the validity of such a sale, and the intention was to change the rule of evidence upon that subject, and throw the burden of proof upon the party asserting the invalidity. The view contended for would entirely defeat this intention, for if the facts are to be stated in the deed, the effect is precisely the same as to require them to be shown aliunde. The only difference is in the mode of proof, and the embarrassment is rather increased than diminished; for if any material fact be omitted, the deed is invalid and cannot be given in evidence. The purchaser is subjected to the double risk of an error in the previous proceedings, and a mistake in setting these proceedings forth in the deed, either of which would be fatal. These results are plainly in contravention of the purpose intended, and the language of the act is no less conclusive. The general provision is that the matter specified shall be stated, but in respect to the publication of the notice of sale, it is provided that the manner of publication shall be described. If it were intended that the same particularity should be observed in other respects, that intention would doubtless have been expressed, and the maxim, expressio unius est exclusio alterius, applies."

In Pillow v. Roberts, 54 U. S. Sup. Ct. 472. 476 (Ark.), that high court, discussing a statute of Arkansas providing that a tax deed should be evidence of the regularity and legality of the sale, said:

"It is easy, by very ingenious and astute construction, to evade the force of almost any statute, where a court is so disposed. We might say that the expression 'deed so made by the collector' means deeds made strictly according to the requirements of all the preceding sections of the revenue law, and decide that only deeds first proved to be completely regular and legal can be received in evidence; and thus, by qualifying the whole section by such an enlarged construction of these two words, and disregarding all the others evade the obvious meaning and intention of the law. For ,if you first prove the sale to be regular and legal before the deed can be received, what becomes of the provision that the deed itself shall be evidence of these facts? Such a construction annuls this provision of the law. and renders it superfluous and useless. The evil plainly intended to be remedied by this section of the act was the extreme difficulty and almost impossibilty of proving that all of the very numerous directions of the Revenue Act were fully complied with antecedent to the sale and conveyance by the collect-

or. Experience had shown that where such conditions were enforced, a purchaser of tax sales, who had paid his money to the government, and expended his labor on the faith of such titles in improving the land, usually became the victim of his own credulity, and was evicted by the recusant owner or some shrewd speculator. The power of the Legislature to make the deed of a public officer prima facie evidence of the regularity of the previous proceedings, cannot be doubted. And the owner who neglects or refuses to pay his taxes or redeem his land has no right to complain of its injustice. If he has paid his taxes, or redeemed his land, he is, no doubt, at liberty to prove it, and thus annul the sale. If he has not, he has no right to complain if he suffers the legal consequences of his own neglect."

In Turpin v. Lemon, 187 U. S. 51, the first syllabus is:

"The statutes of West Virginia in regard to the sale of land for unpaid taxes require certain proceedings to be taken by the sheriff, but do not require the sheriff to show in his return that he has complied with these requirements; the statute also makes the deed given by the sheriff prima facie evidence that the material facts therein recited are true. Held, that the effect of these statutes is to change the burden of proof, which rested at common law upon the purchaser at a tax sale, to show the regularity of all proceedings prior to the deed, and to cast it upon the party who contests the sale."

Under the caption, "Statutes Making Presumptive Evidence," it is said in 37 Cyc. 1457:

"These statutes are undoubtedly constitutional, and must be given their due and proper effect by the courts, provided the intention of the Legislature is plainly expressed." citing numerous authorities. James O'Keefe v. Aaron Dillenbeck, 15 Okla. 437, 83 Pac. 540.

2, 3. Section 9752, statutes, supra, provides that a tax deed shall be substantially in the form therein provided. Said form prescribes as to notice, that a tax deed shall recite "that said lands had been legally advertised for sale and sold for said taxes," etc. The deed in the instant case certainly conforms in substance to said form as to notice. We know off no court holding that it is not competent or within the power of the Legislature to prescribe the form of tax deed. It is peculiarly within the province of the Legislature so to do, because same pertains to the power of a state to raise the revenue for the support of the government on property within its borders—a supreme prerogative of sovereignty. Black on Tax

Titles, supra, concluding the discussion whether a tax deed should recite facts of notice or a conclusion thereon, says:

"The necessity of solving this question, however, will be obviated in those states where the statute expressly prescribes the form of a tax deed; for if this is followed, the deed will be sufficient."

This court in Turman et al. v. Ingram, supra, gives sanction to the finality of the statutory form thus:

"By reference to the form of the deed prescribed by section 7481, Rev. Laws 1910 (sec. 9752, C. O. S. 1921), and which has been subsequently followed by the deed from the treasurer to Brown, the only requirement as to notice, seems to be contained in this quotation 'that the lands had been legally advertised for sale for taxes.'"

In Gibson v. Hammerberg (Kan.) 83 Pac. 23, it is held that a tax deed which follows the form prescribed by statute is sufficient and furnishes prima facie evidence that the tax proceedings were regular and that every step necessary to the validity of the deed was taken. The court said that the deed in that case closely followed the statutory form, and, being good on its face, it furnished prima facie evidence that the required notices were given, etc. It was, however, held in a former Kansas case that it was necessary for a tax deed to recite facts because there was then no statutory form prescribed. Duncan v. Gillette, 37 Kan. 156, 14 Pac. 479.

Under the caption, "Following Statutory Form," it is said in 37 Cyc. 1434:

"On the other hand, if the deed follows the statutory form, it must be held sufficient no matter what objections may be taken to the recitals, or want of them." Authorities are cited.

If said recitation as to notice herein be considered strictly as a conclusion of law, it is nevertheless not vulnerable on that ground, because the Legislature—as it has done in matters of pleading and otherwise —may prescribe and authorize the allegation and use of legal conclusions for certain purposes.

If there be no bidders at the regular sale of real estate for delinquent taxes, it is made the duty of the county treasurer to bid off the property in the name of the county. During the time the property is so held by the county, it contributes nothing to the support of the government, unless some one pays the delinquent taxes, procuring a certificate therefor. The so-called resale act, Amendment of 1919, seeks to provide for disposition of such real estate as may thus be left on the hands of the county. Section 9746 thereof is:

"Return of Sale—Deeds. Within ten days after such resale the county treasurer shall file in the office of the county clerk a return of his resale of such real estate, and retain a copy thereof in his office, which return must show the real estate so sold, the name of the purchaser, and the price paid by him therefor, also a copy of the notice of such resale with an affidavit of its publication or posting, and such notice and return shall be presumptive evidence of the regularity, legality, and validity of all his official acts leading up to such resale. And within ten days the county treasurer shall execute, acknowledge, and deliver to the purchaser or his assigns a deed conveying the real estate thus resold, which deed shall expressly cancel and set aside all taxes, penalties, and interest and costs previously assessed or existing against said real estate, including paving taxes and outstanding tax sale certificates, and such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land, and that where there are both ad valorem and special taxes due, the county treasurer must advertise and sell for all taxes in the same sale, and such deed shall contain a summary statement of the matters and proceedings of such resale, and six months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to avoid or set said deed aside."

This court has recently held in Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 870, that section 9746, supra, providing for the execution of a resale tax deed, in no manner conflicts with section 9752, Id., prescribing the form of tax deed; that said resale statute does not repeal said form statute; that they must be construed together, and as covering the same subject-matter, tax deeds; that since said resale section does not prescribe a form of deed, a tax deed on resale thereunder should conform to the form prescribed by section 7418, Rev. Laws 1910, being said form statute. It is the duty of the court to harmonize and give effect to all of said statutes as one scheme for obtaining revenue that the state may live. Whether a purchaser at tax sale should ever be permitted to obtain absolute title is a matter of legislative—not judicial—cognizance. The numerous statutes leading to absolute title of purchasers at tax sale should not be rendered innocuous by judge-made law. This court cannot usurp legislative functions under a Constitution true to the triune division of powers in a republican form of government.

4. Said resale statute provides that "such deed shall contain a summary state-ment of the matters and proceedings oi such resale," etc. "Summary" is defined by Web-ster to mean "short, concise, reduced into a narrow compass or into a iew words." Ricker v. Levitt (Me.) 3 Atl. 180; 7 Words & Phrases, 6786. If a resale deed is requir-ed only to contain a summary statement of the matters and proceedings, certainly it is not required to recite in detail the ultimate facts of such sale, from which a court may judge its validity. Said statute absolutely negatives the contention made by plaintiff herein that the resale deed should recite the acts and proceedings in detail so a court may pass upon the same. This deed also recites that the lot in controvery was legally ad-vertised and offered for sale for taxes for 1917; that there were no other bidders; that same was bid off in the name of said coun ty, stating the amount of such taxes then due; that the lot remained unredeemed for said taxes for two years; that "the same were duly and legally advertised for sale at resale for said taxes interest, and penalties," etc.; that same were, pursuant to said ad-vertisement, sold to defendant, stating the price; that defendant was the highest and best bidder, etc.; that the owner had not paid to the county treasurer the delinquent taxes thereon, etc.; that the lot was legally liable for taxes and had been duly listed and assessed and properly charged on the tax books, etc., and that same "had been legal-ly advertised for sale for said taxes; that said sale herein was in all things regular and proper as provided by law." Other proceedings of the resale are set forth in this deed. Certainly it cannot be said that this deed does not contain a summary state-ment required by said resale statute. Said resale statute makes the notice of such re-sale, with an affidavit of its publication or posting. and the return thereof provided for, presumptive evidence of the regularity, le-gality, and validity of such acts of such re-sale. That is, the one attacking such deed must show that said return so on file in the county clerk's office is not in compliance with the statutes and thus overcome such deed, or he may show that such return is not true: that is, that the acts and things there recited to have been done, were not in fact done, and thus defeat such deed. This is further evidence and also almost con-clusive that such ultimate facts need not be set out in the deed, for if the evidence be in such return. it certainly could not be re-quired to be in the deed also as contended in this case. The said form statute pre-scribes a summary statement of the proceed-ings leading to the deed. In enacting the resale section, the Legislature was content to provide that the resale deed should con-tain also a summary o᷍ the proceedings. Perhaps it may be said the statement of the treasurer "duly and legally advertised" is a summary statement, by reference to the other statutes, of the doing of all acts re-quired.

As argumentum ab inconvenienti, we ob-serve: The State Examiner and Inspector, under the Constitution and statutory duties to him given thereunto, has prescribed a form of tax deed containing such general conclusion as to notice, the same being in conformity with said form statute. The same, having been relied upon and acted up-on by the citizens of this state since state-hood, has become a rule of property. We presume practically every tax deed in the state has heretofore contained such general conclusion as to notice. Since it is settled by numerous decisions that a tax deed, void upon its face, does not set in operation the statute of limitations, to hold in the instant case that this tax deed is void on its face, because it contains such conclusion as to notice, would be to disrupt vested rights of long standing in innumerable cases where purchasers have relied upon the very form prescribed by the statute and the State Ex-aminer and Inspector. To set up the ulti-mate facts of notice so that a court—not the county treasurer—may make the con-clusion that due and legal notice was given, would perhaps require a tax deed to contain the published notices and other original data as best evidence. If such facts must be set out in the deed with reference to notice, the deed must likewise contain the facts as to five other certain matters prescribed by sec-tion 9750, of which the deed is to be pre-sumptive evidence. This would lead to in-terminable length and be highly impractic-able and futile—a tax deed thereby becom-ing a sort of abstract or case-made. It would be to render nugatory said statute making the deed presumptive evidence of those matters, since a presumption vanishes from the back door when the evidence en-ters the front. It would reduce to desue-tude the general presumption—on occasion violent, though universal in English juris-prudence. and without which government could scarcely function—that public officers do their duty. This presumption is univers-ally indulged by the courts.

In Cyr v. Walker et al, 29 Okla. 281, 116 Pac. 931, Mr. Justice Hayes cites and

applies with approval the following from Knox Co. v. Ninth National Bank, 147 U. S. 91, 13 Supp. Ct. 267, 37 L. Ed. 93:

"It is a rule of general application that, where an act is done which can be done legally, only after the performance of some prior one, proof of the latter carries with it a presumption of due performance of the prior act."

Applying this rule to the instant case, section 9750, supra, authorizes the county treasurer to execute and deliver the tax deed in controversy, reciting said conclusion as to notice. Now, under said rule, the officer could execute and deliver such deed legally, only after performance of the prior act of giving notice. Therefore, admission by both parties that such deed was executed and delivered, carried with it the presumption of due performance of the prior act, to wit, the giving of due and lawful notice. The Legislature, having charged the county treasurer with the conduct of tax sales, his statement by way of such conclusion in a deed ought to raise a presumption that he did properly every act required by the statute as to notice. It may be observed also that there is no occasion for holding that such tax deed must contain the ultimate facts as to notice. The former owner of real estate can suffer no injustice. If due and legal notice was not in fact given, he may prove it thus, not being deprived of his day in court. We conclude, therefore, that the deed in the instant case was not void on its face because it contained said conclusion as to notice.

In Tibbetts, Trustee, v. Reynolds, 101 Okla. 119, 223 Pac. 185, it is held:

"Section 9746, Comp. Stat. 1921, relating to tax resale by the county, requires that the tax deed show a statement of the acts and proceedings had in making the sale and resale of the property, and under this statute the deed must set forth the acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied in order to constitute a deed valid upon its face: and, where the deed does not contain such statement, or contains only the legal conclusions of the officers executing the instrument in lieu of a statement of facts showing the performance of the acts required by the statute, the deed is void upon its face."

Said resale section 9746, as shown herein, by its express terms and general intendment, negatives the very things which the foregoing paragraph holds that it requires. Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, to the same effect, is the first case

so holding. These cases and all others in this jurisdiction in conflict herewith are hereby expressly overruled. They contravene said presumptive statute, said form statute, and said resale statute. The trial court herein rightfully refused to follow the same. The other contentions that the deed fails to show the giving of notice to the proper last record owners, and that the sale was held at the wrong hour of the day, are disposed of by the foregoing. The burden of proof thereon was on plaintiffs.

5. Section 7419, Rev. Laws 1910, then in force, provided that no action could be commenced by the holder of a tax deed, or the former owner to recover possession of the land which had been sold and conveyed by deed for the nonpayment of taxes, or to void such deed, unless such action should be commenced within one year after the recording of such deed. Defendants pleaded and showed that the instant action was commenced more than one year after said tax deed was recorded. If the deed were void on its face, such statute would not be operative as a bar. Since we have concluded that said tax deed is valid on its face, plaintiffs' right of action to void the same is therefore barred under said statute. Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, 808.

Let the judgment be affirmed.

By the Court: It is so ordered.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, HUNT, and RILEY, JJ., concur.

MASON, LESTER, and CLARK, JJ. dissent.