## CODAY v. ALLISON et al.

No. 18414.    Opinion Filed Dec. 24, 1928.

Rehearing Denied March 19, 1929.

F. W. Church, for plaintiff in error.

Frank Nesbitt, for defendants in error.

HEFNER, J. The defendant in error, who was the plaintiff below, on the 8th day of February, 1927, brought suit in the district court of Ottawa county against the plaintiff in error, defendant below, and alleged she was the owner in fee simple of certain lands in that county. She pleaded a resale tax deed dated December 1, 1921. The deed was filed for record on December 1, 1921, and was thereafter duly recorded.

She alleged the deed was void for the following reasons:

"First. Said deed totally fails to make a statement of the facts as to what proceedings were had and done leading up to said alleged tax resale, but sets forth only conclusions, towit, it alleges that notice of tax sale and the notice of tax resale were legally advertised for sale for taxes, etc., and sets forth nothing as to when the publications were made, how long they were made, or any other facts.

"Second. Said deed shows on its face that the property was sold at tax sale on the first Monday in November, 1919, towit, November 3, 1919. That said property was claimed to have been sold at tax resale on the fourth Monday in November, 1921, towit, November 28, 1921. So that said deed shows upon its face that the proceedings leading to the resale of said property were commenced prior to the expiration of the two-year redemption period, or that notice of resale, if commenced after the expiration of the two-year redemption period, was not given for the full time of four weeks, or 28 days, as was required by section 9744, C. O. S. 1921, which was then in full force and effect."

A copy of the resale tax deed was attached to her petition.

To the petition the defendant filed a demurrer, which demurrer was by the trial court overruled, and the defendant elected to stand upon his demurrer. Judgment was entered against him, and the case is here for review.

The defendant contends the plaintiff's right of action is barred by the statutes of limitation.

The plaintiff relies upon the case of Going, Co. Treasurer, v. Green, 103 Okla, 93, 229 Pac. 521, and the cases following it. The defendant urges the case of Treese et al. v. Ferguson, 120 Okla. 235, 251 Pac. 91, is controlling.

Section 9743, C. O. S. 1921, provides:

"Whenever the county treasurer of any county shall bid off any real estate in the name of his county, he shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided."

In the case at bar the property was "bid in" by the county treasurer for taxes on the 3rd day of November, 1919, and was unredeemed, and was sold on the 28th day of November, 1921, under the resale act. A notice by advertisement of such resale will be presumed by reason of the recital in the resale tax deed that the same was "duly and legally advertised for sale at resale for taxes, costs, penalty and interest accrued on same."

The petition of plaintiff discloses that the defendant relied upon a resale tax deed from the county treasurer, the land having been sold for taxes, purchased by the county, and acquired by the defendant at a resale by the county on the 28th day of November, 1921. The deed was recorded on the first day of December, 1921. This action was commenced on the 8th day of February, 1927, more than five years after the deed was recorded. Under these facts, the alleged cause of action is barred by the statutes of limitation.

The judgment of the trial court is reversed, with directions to sustain the demurrer of the defendant to plaintiff's petition and his demurrer to the answer of the defendant O. H. Widick.

BRANSON, C. J., and HARRISON, PHELPS, HUNT, and RILEY, JJ., concur.

CLARK, J., dissents.