## MANNUS-DEWALL v. SMITH et al.

No. 19250.   Opinion Filed Oct. 29, 1929.

C. B. Leedy and L. E. Moyer, Jr., for plaintiff in error.

Twyford & Smith, Leo G. Mann, and G. Lee Gibbs, for defendants in error.

HERR, C. This is an action originally brought in the district court of Ellis county by Minnie Mannus-Dewall against Arthur B. Smith, Dell Smith, F. E. Reed, and others to recover on a promissory note and to foreclose a real estate mortgage given to secure the same. The note and mortgage were originally executed by Arthur B. Smith and Dell Smith to Albert G. Frick, and by him assigned to plaintiff herein. As to these defendants, the petition contains the allegations usual in such cases. As to defendant Reed, it is alleged that he claims an interest in and to the premises sought to be foreclosed by virtue of a tax sale certificate for delinquent taxes for the year 1918, and that the taxes for the years 1920 and 1921 were indorsed thereon; alleges the total amount of taxes paid by said defendant to be the sum of $124.35, and, in her petition, tenders said amount together with interest to said defendant; and further alleges that whatever right, title, or interest said defendant has in and to said premises is inferior to the right of plaintiff. The prayer is for judgment against defendants Smith for the amount due on the note, for foreclosure of the mortgage, and a sale of the mortgaged premises, and a further prayer that upon such sale all the defendants, including defendant Reed, be forever barred from claiming any right, title or interest in and to said premises.

Defendant Reed filed an answer and cross-petition in which he set up ownership and possession in himself claiming under a tax deed executed on the 25th day of October, 1922, and prays that title be quieted in him and that plaintiff's mortgage be canceled as a cloud upon his title. This defendant also pleaded, in his answer and cross-petition, an alternative cause of action in which he alleges that, in the event the court should hold that the proceedings leading up to the tax sale are void, voidable or defective, he be decreed a lien on the premises for the amount of taxes paid, and prays judgment for foreclosure of said lien. The statute of limitations is also pleaded as a defense by this defendant. No answer or other pleading was filed by any of the other defendants.

The trial was to the court resulting in a judgment in favor of defendant Reed against plaintiff and all other defendants quieting title in him and canceling plaintiff's mortgage.

Plaintiff appeals, and among other assignments, assigns as error the rejection of certain evidence offered by her for the purpose of establishing the invalidity of the tax sale.

Defendant's tax deed appears to be fair and regular on its face. It was executed, as before stated, on the 25th day of October, 1922. It, however, was not filed for record until the 8th day of November, 1927. This suit was filed on June 2, 1926, and before cross-petitioner recorded his tax deed. Plaintiff is, therefore, not barred by any statute of limitation from assailing the deed on account of irregularities in the proceedings leading up to the sale which would render the sale proceeding voidable only.

It is contended by plaintiff that the county treasurer, after having made the sale, failed to comply with section 9735, C. O. S. 1921, in that he did not file a return thereof in the office of the county clerk and preserve a copy thereof in his office, as provided by said section, and that this irregularity is sufficient to avoid the tax deed.

In order to establish this defect in the proceedings, plaintiff offered to prove by C. A. Null, who was then county treasurer of said county, that no copy of the return of sale appeared on file in his office, and also offered to establish and prove by A. J. Wood, who was then deputy clerk of said county, that the records of his office failed to show that a return of sale was on file therein. This offered testimony was by the court excluded. It developed at the trial that neither of these persons was holding his respective official position at the time of the sale, and it is apparent from the record that this is one of the theories upon which the offered testimony was excluded. In this we think the court erred.

Section 9735, C. O. S. 1921, provides:

"On or before the last day of November, following the sale of real property, the treasurer shall file in the office of the county clerk of his county a return of his sale of land, retaining a copy in his office, showing the land sold, the name of the purchaser, and the sum paid by them, and also a copy

of the notice of sale, with the certificate of the advertisement verified by affidavits, and such certificates shall be evidence of the regularity of the proceedings."

Under this section it was the duty of the county treasurer to file his return of sale in the office of the county clerk and retain a copy thereof in his office. It was necessary to the validity of the sale that this return should have been filed as provided by said section, and a failure on the part of the county treasurer so to do, in our opinion, constitutes an irregularity sufficient to avoid the sale.

In 37 Cyc. 1366, it is said:

"The collector's report of tax sales is usually required to be placed on file or recorded; and this provision also is generally imperative, so that the failure to obey it will invalidate a tax deed subsequently issued."

"Whatever directions the statute may give as to the form and contents of the report, or return, must be carefully observed, and there must be at least a substantial compliance with its provisions or else a tax deed based thereon may not be valid."

If this return were in fact on file in the office of the county clerk, the proper method of proving the same would have been by the production of the return itself. In the instant case, however, plaintiff sought to prove a negative, that is, that no such return appeared on file in the office of the county clerk, and that no copy thereof appeared on file in the office of the county treasurer. This fact she sought to prove by the testimony of the persons in charge of these respective offices and who were the custodians of the records thereof. We think the testimony of these witnesses should have been admitted.

In 22 C. J., at page 1006, section 1282, it is said:

"Where it is sought to prove a negative, that is, that facts or documents do not appear of record, or that as to certain acts or proceedings the record is silent, parol evidence is admissible as primary proof; the record is not higher evidence."

In section 1283, the author further says:

"That documents or facts do not appear of record may be proved by the sworn testimony of the person who is legal custodian of the record, or, it is usually considered, by that of any other competent person. Some courts have held, however, that the custodian when accessible is the only competent witness. It is obviously improper to admit the evidence of a person who is not the custodian of the records and is not shown to have made any examination of them."

In the case of Reeder v. Jones (Del.) 65 Atl. 571, it is said:

"An officer, who has in his custody records of licenses issued by his predecessor in office to real estate agents as required by Rev. Code 1852, amended in 1893, p. 56, c. 117, and who has examined the records required to be kept by his predecessor, is competent to testify that his predecessor did not issue a real estate agent's license to a particular individual."

We gather from the record that the trial court was further of the opinion that these witnesses could not properly testify relative to this matter for the reason that the return of the treasurer was not required to be recorded, and that no record appeared in these respective offices from which it could be determined whether such return had been filed. The answer is that the statute requires the return to be filed, and it must be presumed that it was the intention of the Legislature that such returns should, in some manner, be preserved as a part of the official records of these respective offices; and, while it is not required that such return be recorded in the office of the county clerk, or that a copy thereof be recorded in the office of the county treasurer, it was undoubtedly intended that some convenient file thereof should be kept by reference to which it could readily be determined whether such return and copy thereof had, in fact, been filed.

It is argued by cross-petitioner that the tax deed recites that this section of the statute has been complied with, and that such recitation is presumptive evidence of such fact. This is undoubtedly true, but the deed would be presumptive evidence and nothing more, and the evidence offered by plaintiff was admissible for the purpose of overcoming and overthrowing this presumption. Gaston v. Caruth, 116 Okla. 146, 243 Pac. 192.

Cross-petitioner relies on the cases of Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91; Michie v. Haas, 134 Okla. 57, 272 Pac. 883. These cases are not controlling as different questions were there presented.

The question of the sufficiency of plaintiff's pleadings to assail the validity of the tax deed is not properly raised by the record, and we, therefore, refrain from a discussion thereof.

If, at a retrial, defendant's tax deed is set aside because of the irregularity complained of by plaintiff, cross-petitioner would be entitled to reimbursement as provided by section 9735, C. O. S. 1921.

Judgment should be reversed and the cause remanded for a new trial.

198

TEEHEE, HALL, JEFFREY, and DIF-FENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Evidence," 22 C. J. §94, p. 169, n. 30. "Taxation," 37 Cyc. p. 1493, n. 9.