### MASSEY v. TUCKER et al.

No. 19239. Opinion Filed Feb. 4, 1930.

Commissioners' Opinion, Division No. 2.

J. P. Speer, for plaintiff in error.

Stephen A. George, for defendants in error.

DIFFENDAFFER, C. F. E. Tucker, individually, and Cleves Rhea, as guardian for John and Evelyn Potter, minors, brought this action in the district court of Stephens county, to set aside a tax deed issued to J. C. Massey covering certain real estate located in that county.

The facts are undisputed, and are, in substance, as follows: F. E. Tucker, an adult, owned a one-third interest in the land and John and Evelyn Potter, minors, owned a two-thirds interest during all the time hereinafter mentioned. The basis of defendant's claim is a resale tax deed issued by the county treasurer. The deed was recorded April 23, 1926, and this action was begun July 9, 1926. There appears to be no controversy as to the regularity of the assessment. But the original sale to the county and the resale are both assailed. The judgment of the lower court was general and in favor of the plaintiffs, and the defendant prosecutes this appeal. The parties will be referred to as they appeared in the trial court.

The judgment appealed from is unquestionably correct as to the two-thirds interest of the two minor plaintiffs. Under the provisions of section 9747, C. O. S. 1921, the right of a minor to redeem at any time, within one year after attaining their majority, is expressly provided for, and this right is also preserved by section 9746, C. O. S. 1921, as amended by section 6, chap. 158, Session Laws 1923. Therefore, we need only consider the alleged irregularities in the tax sale proceedings as applied to the one-third interest in the land owned by the adult plaintiff, F. E. Tucker. Several alleged irregularities are set out and relied upon by plaintiff, as to the sufficiency of the notice of sale and resale. In view of the conclusions we have reached as to failure of the county treasurer to make proper return of the original sale in the county clerk's office, we deem it unnecessary to discuss the sufficiency of the

notice of sale, or the regularity of their publication. This is also true of the alleged defect in the resale deed, as to the recitation therein that the resale was held between the hours of 1 o'clock a. m. and 4 o'clock p. m. of April 19, 1926.

The action having been commenced within one year after the filing for record of the resale deed, we need not consider whether or not the deed is valid upon its face. We then consider the proposition presented as to lack of sufficient return of sale of the land for taxes made on November 5, 1923.

Section 9735, C. O. S. 1921, provides that when the original sale is made, the county treasurer shall, on or before the last day of November following the sale, file in the office of the county clerk a return of the sale, retaining a copy in his office, showing the lands sold, the name of the purchaser, the sum paid by them, and also a copy of the notice of sale with a certificate of advertisement verified by affidavits, and "such certificate shall be evidence of the regularity of the proceedings."

From the record, it appears that the only attempt of the county treasurer to comply with the provisions of the above section was the presentation to the county clerk of a paper, which, full and complete, except as to reference to other lands, is as follows:

County Treasurer's Record.

| S ½ Se Se Sec. 26 1-s-5. W. | No. Acres. | Tax for year 1922. |
|---|---|---|
| | 20 | |
| Name of Purchaser. Stephens County. | Amt. $9.35 | |

This was identified fully by both parties as the return and the only return made by the county treasurer, and the whole thereof, except that reference to other land, is not included therein. If a return be essential, we do not think this is by any means a substantial compliance with the requirements of the law. This perhaps calls for an inquiry as to what is meant by the words "return of sale." In 34 Cyc. p. 1687, the word "return," as used herein, is defined as follows:

"As a noun, a short account, in writing, made by a ministerial officer of the manner in which he has executed a writ; the act of a sheriff, constable or other ministerial officer in delivering back to the court a writ, notice, or other paper; as a short account in writing, made by sheriff, of the manner in which he has executed his writ; the answer made by the officer, indorsed on the writ, certifying to the court the fact and manner of service; the certificate of the officer to whom any process is directed, stating what he has done in obedience to the command therein given, or the reason for his neglect in not fulfilling them."

What, then, is the county treasurer required to file? Certainly it could be nothing less than a short account in writing made by him of the manner in which he had made the sale. True, the paper presented contains the description of the land, the name of purchaser, and had attached thereto certain notice of sale, together with the certificate of advertisement properly verified. There is no statement that any sale was made, at the time and place mentioned in the advertisement, nor, in fact, of any sale having been made. Nothing is said of the sale having been made for or on account of nonpayment of taxes. It does not show that it was filed.

It is generally held that the omission of the proper officer to make his report or return of the tax sale is a fatal defect and one which invalidates the title founded on such sale. 37 Cyc. 1365.

Of course, this is not a total failure of at least an attempt to file the return, but there is certainly a failure to substantially comply with the statute.

It should have been filed, but the failure to mark the instrument filed was no fault of the treasurer, and this defect of itself would not defeat the sale. As to the form and contents of the return required to be made, the general rule is:

"Whatever direction the statute may give as to the form and contents of the report or return must be carefully observed, and there must be at least a substantial compliance with its provisions or else a tax deed based thereon may not be valid. In particular, the report must show the essentials of a valid sale, setting forth, specifically, the time and manner of giving notice thereof, the time of the sale, and the place where it was held. * * * It is generally necessary that the report shall be officially signed, and if the law requires it also to be certified, attested, or verified by affidavit, this too is indispensable."

The law in this state does not require the county treasurer to certify to or verify the correctness of his return, nor does it specifically require that it be signed by him. But we think this latter requirement is necessarily implied, and that the return to be effective should be officially signed by the county treasurer that it might be identified as an official document, or at least the act of the county treasurer and not of some private individual.

In Gaston v. Caruth, 116 Okla. 146, 243 Pac. 192, wherein the compliance with the provisions of section 9736, C. O. S. 1921, which provides that the county treasurer shall keep a tax sale record upon which he shall enter, among other things, to whom the real estate was sold, etc., and the provisions of section 9743, C. O. S. 1921, relative to the record necessary to be made when land was bid off by the county, were under consideration, it was held that these records were jurisdictional and a failure of the county treasurer to make same vitiates the sale. While the failure to comply with section 9735, supra, in making his return, was not there involved, the section is quoted in connection with the sections 9736 and 9743, supra, and as to the whole record required to be made, it was said:

"Such records thus required to be made and kept, we take it, are also intended to provide an official record of the sale, and to give information to the public and to the party whose property has been sold, of such fact. These are the records of the fact of sale known to the treasurer and done by him, or under his direction. They are designed to afford evidence of such official act, and in order to be competent evidence to establish the fact recorded therein, it is essential that the entries be made by the person whose duty it was to do so. The entries in such records must be made promptly, or at least without such long delay as to impair their credibility, and by the person whose duty it was to make them, and in the mode required by law."

In Mannus-Dewall v. Smith et al., 139 Okla. 195, 281 Pac. 807, it was held:

"Where real estate is sold at a tax sale for delinquent taxes, the failure of the county treasurer to file his return of sale, as provided by section 9735, C. O. S. 1921, is an irregularity sufficient to warrant the canceling of a tax deed issued thereunder, where an action for this purpose is brought prior to the recording of such tax deed."

We are, therefore, of the opinion that the return required by section 9735, supra, is essential, and that a failure to at least substantially comply therewith vitiates the sale, and we think this irregularity is sufficient to warrant a cancellation of the resale deed where an action for this purpose is brought within one year after the filing of the resale deed for record.

The judgment should be affirmed.

BENNETT, JEFFREY, LEACH, HERR, and HALL, Commissioners, concur. FOSTER, Commissioner, dissents.

By the Court: It is so ordered.

Note.—See "Taxation," 37 Cyc. p. 1364, n. 55; p. 1367, n. 61; p. 1493, n. 18.