## HARMON et al. v. DRIVER.

No. 19905. Opinion Filed April 28, 1931.

H. R. Edwards and C. E. Corbett, for plaintiffs in error.

E. C. Stanard, Leonard Carey, and Vilas V. Vernor, for defendant in error.

HEFNER, J. This action was brought in the district court of Muskogee county by John S. Driver against Benjamin Harmon, the Conservative Loan & Trust Company, the Improved Industrial Order of Wise Men, a corporation, and others, to foreclose a real estate mortgage. The mortgage was executed by Harmon in favor of the Conservative Loan & Trust Company and by it sold and transferred to the plaintiff. There is no contest as to the validity of the mortgage. The contest is between the plaintiff and defendant Improved Industrial Order of Wise Men. This defendant claims title superior and paramount to the mortgage of plaintiff by virtue of a resale tax deed. The tax deed appears regular and valid on its face, but is assailed by plaintiff because of irregularities in the proceedings prior to the sale of the premises on resale. The resale deed was placed on record July 1, 1926. This action was commenced December 27, 1926, and within one year from the date of the recording of the deed. Plaintiff is therefore not barred by any statute of limitation from as-sailing the deed on account of irregularities in the sale proceedings which would render the sale voidable only.

Under section 6 of chapter 158, Session Laws 1923, a resale tax deed, though valid on its face, may on a proper showing be set aside at any time within twelve months after the recording of the deed. The deed is assailed on the ground that the county treasurer upon the original sale failed to make a proper return. Section 9735, C. O. S. 1921, provides:

"On or before the last day of November, following the sale of real property, the treasurer shall file in the office of the county clerk of his county a return of his sale of land, retaining a copy in his office, showing the land sold, the name of the purchasers, and the sum paid by them, and also a copy of the notice of sale, with the certificate of the advertisement verified by affidavits, and such certificate shall be evidence of the regularity of the proceedings."

The evidence discloses that this section was not complied with by the county treasurer. There was no proper return filed. There was an attempt to comply with this section by filing in the offices of the county treasurer and the county clerk a certain paper called a return, but this instrument contained no recital of what steps were taken in the sale proceedings. There was no recital that the premises were sold for taxes nor that they were advertised prior to such sale. It was not signed by the county treasurer, nor did it have attached thereto proof of publication of notice of sale as provided by law. A return similar to the one here involved was held insufficient in the case of Massey v. Tucker, 141 Okla. 193, 284 Pac. 648, and also held such irregularities sufficient to avoid the sale. The court there said:

"Where real estate is sold at a tax sale for delinquent taxes, the failure of the county treasurer to substantially comply with the provisions of section 9735, C. O. S. 1921, requiring the filing of a return of such sale with the county clerk, is an irregularity sufficient to warrant the canceling of a tax deed issued thereunder, or a resale deed based thereon, where an action for this purpose is brought within one year after the recording of the resale tax deed."

In commenting further upon the return, it was further said:

"What, then, is the county treasurer required to file? Certainly it could be nothing less than a short account in writing made by him of the manner in which he had made the sale. True, the paper presented contains the description of the land, the name of pur-

chaser, and had attached thereto certain notice of sale, together with the certificate of advertisement properly verified. There is no statement that any sale was made, at the time and place mentioned in the advertisement, nor, in fact, of any sale having been made. Nothing is said of the sale having been made for or on account of nonpayment of taxes. It does not show that it was filed."

The court further held the return defective in that it was not signed by the county treasurer. In addition to the defects pointed out in the above case, the return in the case at bar contains the additional defect that it did not have attached thereto proof of notice of sale.

Defendant relies on the cases of Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91, Hatchett v. Going, 121 Okla. 25, 246 Pac. 1100, and kindred cases. These cases are not applicable to the situation here presented, as different propositions were there involved. The case at bar is governed by the rule announced in the above case and cases of Gaston v. Caruth, 116 Okla. 146, 243 Pac. 172, and Mannus-Dewall v. Smith, 139 Okla. 195, 281 Pac. 807. Under the rule announced in these cases, it was the duty of the trial court to set aside the resale tax deed, and its judgment in so doing is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., not participating.