No. 12,840.

PENDLETON *v.* MOSCA IRRIGATION DISTRICT.
(1 P. [2d] 99)

Decided May 25, 1931.   Rehearing denied June 29, 1931.

Mr. John F. Mail, for plaintiff in error.

Mr. George M. Corlett, Mr. Claude W. Corlett, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Defendant in error, hereinafter referred to as plaintiff or the district, brought this action in ejectment against plaintiff in error, hereinafter referred to as defendant, claiming ownership in fee and right of possession by virtue of tax deeds. These claims were denied and the cause was tried to the court. Findings were for the district, including one that defendant, having failed and refused in open court to tender and deposit with the clerk money to pay taxes, etc., "should be precluded from raising or alleging any defense to the plaintiff's complaint." Thereupon judgment was accordingly entered, to review which defendant prosecutes this writ and asks that it be made a supersedeas.

Plaintiff's sole evidence was its tax deeds, and defendant's sole evidence his undisputed statement that his only interest in the premises was as a tenant of the Gibson Land Company, the owner thereof; that as such tenant he had been in possession for the past two years; and that he had now subleased to one Clarence Turner who was living on the place.

The theory of the district is, and the theory of the trial court clearly was, that irrespective of all defects and irregularities in the tax deeds or the proceedings leading up to their issuance, the judgment is supported by section 1999, C. L. 1921 (L. 1915, p. 315, §1), and *Delta Land & Orchard Company v. Zaninetti,* 64 Colo. 268, 170

Pac. 964, hereinafter referred to as the Delta case, construing the act. The pertinent portion of that statute reads: "In any case in which the claimant has title or color of title to land in an irrigation district under a tax deed duly recorded, and shall bring his suit for possession of or to quiet title to such lands, * * * the invalidity or insufficiency of the tax deed" shall not "be considered by the court as a defense, unless defendant shall first deposit with the clerk of the court in which said suit is brought, a sufficient amount to pay the taxes, interest, expenses and penalties, including the amount of subsequent taxes, and interest at eight per cent per annum, paid on account of such tax sale, for the benefit of and to be paid to the person or persons entitled thereto, when ascertained by the judgment in said suit."

Counsel for defendant admits in his reply brief that the judgment is in accordance with the provisions thereof and that that section is sufficiently construed in the Delta case. He further admits that plaintiff might have relied upon the section if it had shown a compliance therewith by pleading or evidence, or shown a compliance with the provisions of the general revenue law. These things being admitted, we think a comparison of the deeds in this case and the Delta case, and a consideration of that authority, leaves no alternative but to affirm this judgment.

The position of defendant is that no attempt was made to comply with said section 1999, hence no rights were acquired thereunder; that the tax sales in question were held, and the tax deeds issued, under the provisions of the general revenue act; but that the proceedings were so defective and the deeds so faulty that the latter are void on their face. Admitting all this, the Delta case is still controlling. We have compared the deeds in the two and while not identical, and although defects appear in this which are absent there, and vice versa, the differences are in extent not in kind. The deed in the Delta case purported to be issued under the general revenue act and was void on its face. In fact the advantage, if any, ap-

pears to be in favor of the deeds before us. They recite that the land "was subject for taxation for the year A. D. 1924, including taxes for irrigation district purposes," whereas in the deed in the Delta case no mention is made of irrigation district taxes.

■ It is further urged that the objection of nontender taxes is good only as against the owner, whereas this defendant is a mere tenant. But the section invoked, being then in effect, was written into the contract of tenancy. Defendant in his answer could have disclosed the relationship and the identity of his landlord, whereupon the court would have ordered the latter made a party; or defendant himself might have moved to make him so, and thus have obtained the advantage, if any, of imposing upon him the burden of defense herein. Certainly the landlord cannot, by the simple device of a long term lease, either evade the payment of the tax during the term or deprive the holder of the tax deed of the rights accorded him by said section 1999.

■ Again it is said there was no proof of taxes paid and nothing in the record to disclose what defendant should tender, or in the judgment to advise him of the amount he must pay and thus establish a basis for his recovery from the owner. On the trial counsel for defendant objected to the introduction of the tax deeds and was asked by the court if he was tendering or offering to tender into court taxes, etc. He answered, "No, sir." Thereupon his objection was overruled. Later, in making its findings, the trial court expressly stated as the basis thereof that defendant had declared in open court that "he has not paid and will not pay into court," etc., the amount required by said section 1999. The law does not require the doing of a useless thing.

■ In support of the validity of the objection to the tax deeds it is asserted that in an ejectment case "anything defeating the right to possession of the plaintiff may be given in evidence by the defendant or raised under the denials." Such is the general rule, but in this

particular class of ejectments that rule is modified by said section 1999. Tender of the tax is requisite to support objections to the sufficiency of the deeds.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.

### On Rehearing.

### Nos. 12,840 and 12,841.

MR. JUSTICE BURKE.

It is now urged that the question here decided was not raised in the Delta land case, supra; that the last paragraph of that opinion limits the application of said section 1999 to the owner of the land; and that our conclusion deprives the owner of the right, where certificates are sold by the county for less than their face, to redeem for the investment plus interest, as held in *Ireland v. Coal Co.*, 87 Colo. 193, 286 Pac. 280.

On the first point, we still think the express words of the statute "In any case," taken in connection with the first paragraph of the section, require the interpretation here given. On the second point, the language "before the owner can question the validity or regularity of the tax deed," found in the last paragraph of the opinion in the Delta land case, cannot be construed as a limitation, first, because no such question was there before the court, and second, because such limitation is without support in the section. The word "owner" was doubtless so used by Mr. Chief Justice Hill merely because the owner was there the party litigant. On the third point, the fact that plaintiff in error might have been required to deposit more than he should ultimately pay does not prejudice him because he merely makes a deposit in court of money "to be paid to the persons entitled thereto, when ascertained by the judgment in said suit." The

amount due, as well as the person to whom due, must be so ascertained.

The rehearing is denied.