## SARKEYS v. KROEGER.

No. 19996. Opinion Filed June 2, 1931.

King & Crawford, for plaintiff in error.

H. A. Kroeger, pro se.

RILEY, J. This is an appeal from the judgment and decree of the district court of Pontotoc county quieting the title of defendant in error to certain lands. Plaintiff alleged that he was the owner and in possession of the lands in question and the defendant claimed some interest therein. Plaintiff bases his claim of ownership upon a tax deed issued by the county treasurer of said county, dated April 19, 1927, and filed for record on the same date, and also under and by virtue of a quitclaim deed from one L. M. Langley, purporting to convey the interest of one W. C. Foster, under a tax deed issued by the county treasurer to said Foster, dated May 19, 1924. The action was commenced August 8, 1927, and within one year after the recording of the last tax deed, but more than three years after the date of the first tax deed, and more than one year after the same was recorded. Copies of both tax deeds are attached to the petition.

Defendant answered by general denial and specifically alleged that he was the owner and in possession of the premises, and specifically denied that any notice was ever given to him or his tenants of the application of plaintiff to the county treasurer for the tax deed. He further alleged that he had gone to the county treasurer and offered to pay all taxes, costs, and penalties on the land, and had offered to pay plaintiff all taxes, costs, and penalties necessary to redeem the land, which he alleged to be $237.-17, which sum he tendered in court.

The judgment was for plaintiff, upholding both deeds and quieting title in plaintiff. There was also a finding that plaintiff was in possession of the premises. From this finding and judgment, defendant appeals.

Several assignments are presented, but they all go to the sufficiency of the evidence.

We have made a most thorough examination of the record, and have been unable to find any evidence whatever showing or tending to show that plaintiff was in possession of the premises at the time the action was commenced or was ever in possession thereof.

We think the evidence shows conclusively that no notice was served upon defendant by plaintiff of the application to the county treasurer for the last tax deed, as required by section 9749, C. O. S. 1921. The defendant testifies that no such notice was served upon him by plaintiff and that he does not remember of any having been served upon him by any other person. The deputy county clerk testified that no such notice or proof of service thereof could be found in that office. Section 9749, supra, requires that service and return of the notice shall be made in the same manner as that of a summons in courts of record, and that the notice, with the tax sale certificate, after service of the notice or both shall have been duly made, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record.

In Lind v. Stubblefield, 138 Okla. 280, 282 Pac. 365, it is held that the omission to serve the notice required by the above section is a jurisdictional defect which renders the tax deed voidable.

It is possible that in another trial this defect may be cured and proof of the service

of the notice may be made, but in this case it appears clear that no notice was served, and that there is a total lack of record thereof.

In Bowen v. Thompson, 120 Okla. 5, 249 Pac. 1109, it was held:

"A tax deed issued to the holder of a certificate of purchase at a tax sale of real estate is void where the written notice, as provided by statute, is not served upon the owner of the land in the county where such sale took place and upon one in possession where same is occupied."

See, also, Hutchins v. Richardson, 100 Okla. 80, 227 Pac. 432.

Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91, and Coday v. Allison, 136 Okla. 8, 275 Pac. 1060, are cited by plaintiff as authority for upholding the presumption arising from the recitation in the deed that the notice was served. These cases are not in point on the question here involved. Therein the court had under consideration the question whether or not the resale tax deeds there involved were void on the face thereof, because on the face they contained conclusions as to the giving of notice, rather than a statement in detail of the facts constituting notice. It was stated with reference to the tax deeds that if they were void on their face, the one-year statute of limitation would not apply, and the action contesting their validity would be in time. But it was held that the tax deeds were valid on their face, and the action not being brought within one year after the recording thereof, same was barred.

Here no such question is involved. It is not contended that the tax deed is void on its face, and the action was brought within one year after the recording thereof. There is, therefore, no conflict between Bowen v. Thompson, supra, and Treese v. Ferguson and Coday v. Allison, supra. The action having been brought within one year after the tax deed was recorded, there appears to be no sound reason why the court should not go beyond the face of the deed to inquire whether any notice whatever had been given. It is not a question of whether the notice or service thereof was defectively given, but whether or not the notice required by statute was served. If the claim was that the notice or service thereof was merely defective, then the rule of liberal construction in favor of proceedings called for by section 9751, C. O. S. 1921, should be applied.

The record shows a tax deed issued to one W. C. Foster dated May 19, 1924, and a quitclaim deed from one L. M. Langley to H. A. Kroeger dated January 21, 1927, purporting to convey the interest in the land obtained under the last above described tax deed, but nowhere is there shown a conveyance of any kind from Foster to Langley.

With the record thus, the judgment cannot be sustained.

Defendant also failed to prove possession of the premises by himself or tenant. He claimed title under a sheriff's deed in a proceeding to foreclose a mortgage issued between the date of the first tax deed and that of the second. The validity of the first tax deed is not seriously questioned, nor is the question of the statute of limitation raised against it. But, as pointed out, plaintiff failed to establish his chain of title based upon this tax deed. It is not clear that either party was entitled to have the title to the premises quieted as against the other.

Judgment is therefore reversed, and the cause remanded, with directions to grant defendant a new trial.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.