## JEPEWAY et al. v. BARRETT.

No. 21624.    Sept. 12, 1933.

Rehearing Denied Oct. 10, 1933.

M. D. Green, John E. M. Taylor, and Eric Haase, for plaintiff in error.

Reuben M. Roddie and J. O. Whiteside, for defendant in error.

Leahy & Brewster, for plaintiffs in error.

Jay A. Anderson, for defendant in error.

ANDREWS, J. The defendant in error, as plaintiff, filed a petition in the district court of Muskogee county in which he sought to obtain the possession of and to quiet the title to certain property within the limits of the city of Muskogee. The plaintiffs in error were named as defendants therein. It was alleged that they claimed some interest in the property. Therein the plaintiff based his claim of title to the property and the right to possession thereof on a resale tax deed from the county treasurer of Muskogee county.

The defendants filed an answer and cross-petition in which they alleged, in substance, what they now contend in this court on appeal, which is that:

"(1) There was no regular sale of the real property to the county so as to authorize a resale of the property.

"(2) The return of sale to the county clerk required to be filed by the county treasurer contained no notice and affidavit of publication.

"(3) No publication of notice was had of resale in the manner required by the statutes.

"(4) No notice was given by the county treasurer of delinquency of taxes when request was made by the owner of the property and no indorsement of delinquency of taxes was made on tax receipts issued to the owner for taxes paid for subsequent years."

The only question presented here is the validity of the resale tax deed issued to the plaintiff for the property in question. That property was sold at the April, 1929, resale, and the sale thereof was based on the tax sale of November, 1926.

The first contention is based on an alleged failure of the county treasurer to comply with the provisions of section 12753, O. S. 1931. In order that we may have a proper understanding of the provisions of that section, it will be necessary for us to review prior legislation on the subject-matter thereof.

By section 19, art. 9, ch. 38, S. L. 1909, it was provided, among other things, that whenever the county treasurer of any county should bid off any real estate in the name of his county, he should make out a certificate of purchase to the county, in the same manner and form as he was required to do if the sale had been made to any other purchaser, and that he should retain the same in his office until transferred as authorized by section 18 thereof. Section 7409, R. L. 1910. That section was amended by section 3, ch. 130, S. L. 1919, to provide as follows:

"Whenever the county treasurer of any county shall bid off any real estate in the name of his county, he shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to advertise and sell such real estate at public auction, as herein provided." Section 9743, C. O. S. 1921.

By that amendment the necessity for making out certificates where the county purchased the land was obviated and thereafter it was only necessary for the treasurer to make a note of such bid and purchase upon the sales record in his office. The section was again amended by section 3, ch. 158, S. L. 1923; section 12753, O. S. 1931, supra. That section provides as follows:

"Whenever the county treasurer of any county shall make a note of such bid and purchase upon his sales record and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for taxes, penalty and costs due thereon, the county treasurer shall proceed to sell such real estate at public auction, when same has been advertised as herein provided."

By that amendment the language, "bid off any real estate in the name of his county, he shall," appearing in the former section, was omitted from the section. Evidently the omission of that language was without intention, for, without the language quoted, the continuity of thought is destroyed.

As we have hereinbefore set forth, the purpose of the 1919 amendment was to require the county treasurer to make a note of the bid and purchase upon his sales record, rather than to issue a certificate as was required by the provisions of the 1909 act. If the 1923 amendment is construed as it appears in the Session Laws, the making of the note of such bid and purchase upon the sales record is optional with the county treasurer. On the other hand, the language quoted may have been inadvertently omitted therefrom in the enrollment thereof. Statutes must be given a reasonable and sensible construction. We, therefore, hold that section 12753, supra, requires the county treasurer of any county who shall bid off any real estate in the name of his county to make a note of such bid and purchase upon his sales record.

The sales record therein referred to is a sales record required to be kept by the county treasurer by the provisions of section 12746, O. S. 1931. By the provisions of that section the treasurer is required to keep a tax sales record on which he shall enter a list of all lands or town lots sold, a description of the same, the amount of the sale, the date of the sale, and to whom sold.

The provision of section 12753, supra, requires nothing more than is required by section 12746, supra.

By the provisions of section 12745, O. S. 1931, the treasurer is required to file in the office of the county clerk a return of his sale of land, retaining a copy in his office, showing the land sold, the name of the purchasers, and the sum paid by them, and

also a copy of the notice of sale with a certificate of the advertisement verified by affidavits.

In their brief the defendants contend that under the decision of this court in Gaston v. Caruth, 116 Okla. 146, 243 P. 192, before there can be a resale of property, there must be a showing of the fact that the land previously had been sold to the county and that such a sale is a jurisdictional requirement for the issuance of a resale tax deed. They contend that by the testimony of the deputy county treasurer, "it is shown that the name of no purchaser for the property appears in the records," and that by the failure to show that the property was bid off by the county for delinquent taxes, the property could not be offered for resale. We have carefully examined the record as to the testimony with reference to this subject and we find that it does not support the contention of the defendant. While the deputy county treasurer testified with reference to the county treasurer's sales record, he did not testify that a note of a bid and purchase by the county was not entered upon that sales record. Neither the sales record nor the return of sale to the county clerk was offered in evidence, and there was no testimony with reference to the return of sale to the county clerk. There is nothing in the record to rebut the presumption which arose from the issuance of the deed.

The decision in Gaston v. Caruth, supra, was to the effect that "* * *proof that the county was not noted as the purchaser in the records of the county treasurer, clearly overcomes such presumption from the recitation in such tax deed and defeats same." Therein it was said that "the only way Caruth could prove that these lots were sold to the county was by the sales records." Those statements were made in disregard of plain and unambiguous statutes to the contrary, and they are specifically overruled. There is nothing in the provisions of section 12753, supra, or in any other section of our statutes, to the effect that a failure of a county treasurer to make a note of the bid and purchase by the county on his sales record invalidates the sale. Berryman v. Bonaparte, 155 Okla. 165, 11 P. (2d) 164. On the other hand, there are specific statutes which provide a method of proving the regularity of a tax sale. Among those we call attention to section 12745, supra, which provides that the certificate of advertisement verified by affidavits therein required to be filed by the treasurer with the county clerk shall be evidence of the

regularity of the proceedings. We also call attention to section 12747, O. S. 1931, by which a tax sale certificate is made presumptive evidence of the regularity of all prior proceedings; to section 12760, O. S. 1931 by which a tax deed is made presumptive evidence of the things therein specified, and to section 12756, O. S. 1931, by which a return of a resale made by the county treasurer to the county clerk shall be presumptive evidence of the regularity, legality, and validity of all of the official acts leading up to the resale. We are calling attention to these statutes for the purpose of showing the incorrectness of the statements made in Gaston v. Caruth, supra, and for the purpose of pointing out some of the provisions by which the sales proceedings may be shown, only one of which is the sales record in the office of the county treasurer.

Those provisions relate only to presumptive evidence. They do not control where there is evidence to rebut the presumption. A showing in any manner that no sale was held or that the land was not sold or that the county did not purchase the land, is sufficient to defeat the resale, for, as held in Gaston v. Caruth, supra, there must be a sale of the land to the county before there can be a resale thereof. We thoroughly agree with the holding in that case that the fact that real estate was bid off by the county for delinquent taxes must necessarily be established by the record, and that it cannot be established by parol evidence, but we mean by the term "record" any record which by statute is made presumptive evidence of the regularity of the proceedings. Even though the sales record in the office of the county treasurer is silent as to who was the purchaser of land at a sale, if the return of the county treasurer made out and filed with the county clerk shows that the county was the purchaser thereof, that return is as much evidence of the regularity of the sale as though an entry thereof had been made on the sales record in the office of the county treasurer. We are not determining herein what would be the effect where there was no sales record and no return of sale showing the sale to the county.

A similarly inadvertent statement was made by this court in Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807, and in Massey v. Tucker, 141 Okla. 193, 284 P. 648, wherein it was stated that the failure of a county treasurer to file a return of sale for delinquent taxes with the county clerk is an irregularity sufficient to war-

rant the cancellation of a tax deed. That statement is not a correct statement of the law in view of section 12746, supra, and it is specifically overruled. There is nothing in the statute requiring the filing of a return of a delinquent tax sale by the county treasurer with the county clerk, which provides that the failure to make such a return invalidates the sale. While that return is made evidence of the regularity of the proceedings, the sales record in the office of the county treasurer is also made evidence of the regularity of the proceedings, and the regularity of the proceedings may be proved by proof of either the sales record in the office of the county treasurer or the return of the sale by the county treasurer to the county clerk.

The resale tax deed relied on by the plaintiff and set forth as an exhibit to his petition is regular on its face. The unverified answers did not put in issue the execution thereof. Under the issues made by the pleadings it becomes necessary for the defendant to rebut the presumption arising from the execution and delivery of the resale tax deed to the plaintiff. See Michie v. Haas, 134 Okla. 57, 272 P. 883, and the cases therein cited.

We have carefully checked the record in this case and we find nothing in this record from which this court can conclude that the property was not sold at the regular tax sale in the year 1926 to the county.

The second contention of the defendants is based on an alleged failure of the county treasurer to make a return of the resale to the county clerk in the manner provided by law. It will be noted that they do not contend that the county treasurer did not make a proper return of the original sale to the county clerk.

They contend that a deputy clerk testified that there was no proof of publication or copy of the newspaper attached to the return made to the county clerk by the county treasurer. In support of their contention they rely on the decision of this court in Foster v. Board of Co. Com'rs, 144 Okla. 14, 289 P. 347, in which it was held:

"Where it is shown by the testimony of the deputy county treasurer that a notice by publication of a tax sale has not been published for the required length of time, in the absence of proof to the contrary, it will be sufficient to show that the tax sale certificate is void."

There is nothing in this record to show that a notice by publication of the resale was not published for the required length of time. The deputy county clerk testified that she had in her charge publications made for the 1929 resale, and that they showed that the notice was published four times in the Muskogee Times Democrat, the first being on the 22nd day of March, 1929, and the last on the 12th day of April, 1929. While she testified that there was no proof of publication or copy of the newspaper attached to the record that she had, that would be immaterial for the proof of publication and copy of the newspaper are not required by law to be attached to the record. They are required to be a part of the record.

The third contention of the defendants is that the publications of the notice of resale were on Friday in a daily newspaper, when, by the provisions of section 57, O. S. 1931, such publications are required to be on Thursday.

Suffice it to say that section 57, supra, is not applicable. Section 12754, O. S. 1931, provides that notice of resale shall be given by the treasurer by publication thereof, "once each consecutive week for four publications preceding the resale in the official county newspaper, or some newspaper designated by the county commissioners, and if there be no paper published in the county, he shall give notice by written or printed notice posted on the door of the courthouse, or building in which courts are commonly held, or at the usual place of meeting of the county commissioners." That provision is controlling.

The fourth contention of the defendants is without merit. There is nothing in the statutes of Oklahoma which requires any such notice or indorsement as a prerequisite to the validity of a resale tax deed. See section 12761, O. S. 1931, as to liberal construction of tax proceedings.

We find no error in the judgment of the trial court, and it is in all things affirmed.

CULLISON, V. C. J., and McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and SWINDALL, J., absent.