**WETZEL v. LESSERT.**

No. 23035.   Oct. 16, 1934.

J. F. Murray, for plaintiff in error.

Maris & Maris, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Kay county in favor of the defendant in error, Lessert, defendant in the trial court, and against the plaintiff in error, Wetzel, plaintiff in the trial court. The parties occupy the same relative positions here and will be referred to as they appeared in the trial court.

The plaintiff's petition sets out two causes of action: In the first alleging himself the owner, in fee simple, possessed of the legal title to, entitled to the exclusive possession of lots 11, 12 and 13, in block 1. Lynchville, a legal subdivision to the city of Ponca City, Okla., and that defendant claimed some right, title, or interest therein, the exact nature of which was unknown, but that any claim so asserted was inferior to plaintiff's rights, and that such claim constituted a cloud on his title. In his second cause of action he adopted by reference the allegations of his first cause of action, and alleged that he deraigned title by virtue of a tax deed, a copy of which was attached, and that by virtue thereof he was entitled to immediate possession of said real estate, and that defendant unlawfully withheld possession.

The defendant answered by verified general denial, but admitted the execution of the tax deed; alleged the tax deed void on its face; specifically denied the recital in the tax deed that Joseph Adam, the purchaser of the tax certificate upon which the deed was based, assigned the certificates of purchase to the plaintiff, and, on the contrary, alleged that no assignment had been made by Joseph Adam to the plaintiff; alleged irregularities in the county treasurer's return of the tax sales filed in the office of the county clerk, in (a) failing to file a copy of the notice of sale with a certificate of advertisement verified by affidavit of the printer; and (b) that the county treasurer did not retain in her office a copy of her return of sale.

Upon trial the plaintiff announced that he based his action solely upon the tax deed. No oral testimony of any kind was introduced at the trial by either party. Plaintiff admitted that no copy of the returns of the tax sales for 1924 and 1926 had been retained by the county treasurer in her office. In answer to questions by plaintiff's attorney and the court, the defendant's attorney admitted defendant was then and had been in possession of the property at all times since the tax sale.

The plaintiff objected to the introduction of any evidence on behalf of the defendant on the ground that no defense was set up in her answer, and for the further reason that she had failed to tender to plaintiff the taxes, interest, penalties, and costs represented by the tax certificates, which was overruled by the court and here assigned as error.

We are unable to determine from the judgment and the briefs in the case the ground upon which the court rendered judgment against the plaintiff, the journal entry merely reciting that the court "renders its judgment herein finding the issues in favor of the defendant and against the plaintiff." It has long been the general rule that the plaintiff must recover, if at all, on the strength of his own title and not upon the weakness of his adversary. The court must evidently have determined that the plaintiff had first sustained this burden in that it overruled defendant's demurrer to plaintiff's evidence. The plaintiff did not make any proof of service of the notice required by section 9749 C. O. S. 1921 (sec. 12759, O. S. 1931): (Carl v. Stith, 153 Okla. 16, 4 P. (2d) 738), but defendant does not complain and this matter is not before us on this appeal. The court evidently based its judgment on the evidence introduced by this defendant.

1. Plaintiff assigns as error the action of the trial court in permitting the defendant to introduce any evidence in defense of the action without first complying with the provisions of section 9751, C. O. S. 1921 (sec. 12761, O. S. 1931), requiring the tender of taxes. This section reads as follows:

"To defeat the deed, the person desiring to set the same aside and recover the land,

or to resist the recovery of possession by the holder of the deed in addition to showing clearly the entire failure to do some one or all the things of which the tax deed is made presumptive evidence, must show that he, or the person under whom he claims, had the right to redeem the land from tax sale at the time the deed was made, and must, when the action to set aside the tax deed is brought, or a defense to a recovery of possession is pleaded, tender in open court for the use of the holder of the tax deed, all taxes, penalties, interests, and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and, on failure so to do, his action or defense, as the case may be, shall be dismissed. The rule that tax proceedings are to be strictly construed as against the tax purchaser shall not apply to proceedings under this act, but in all courts its provisions shall be liberally construed, to the end that its provisions and all proceedings thereunder shall be sustained."

It is contended by the defendant that plaintiff's tax deed was void, and for that reason it was not necessary for her to tender such taxes. She alleges the deed void on account of the failure of the county treasurer to literally comply with the provisions of section 9735, C. O. S. 1921 (sec. 12745, O. S. 1931), which reads as follows:

"On or about the last day of November, following the sale of real property, the treasurer shall file in the office of the county clerk of his county a return of his sale of land, retaining a copy in his office, showing the land sold, the name of the purchasers, and the sum paid by them, and also a copy of the notice of sale, with the certificate of the advertisement verified by affidavits, and such certificate shall be evidence of the regularity of the proceedings."

The alleged violation of the statute was the county treasurer's failure to retain in her office a copy of her return of sale and her failure to file a certificate of the advertisement verified by affidavits, relying upon the cases: Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807; Massey v. Tucker, 141 Okla. 193, 284 P. 648; Harmon v. Driver, 148 Okla. 289, 298 P. 601. These cases in so far as they may sustain defendant's contentions were overruled in Jepeway v. Barrett, 165 Okla. 220, 25 P. (2d) 661, decided after the briefs were filed herein. The failure attributed to the county treasurer herein were not such as to make the deed void. Had the land in question been not taxable, had the tax been paid, had no sale of any kind been held, or had there been a fundamental or jurisdictional defect in the proceedings, either disclosed on the face of the deed or upon the record of the proceedings, the deed would have been void. Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, 366. This is not the case here. The deed is fair on its face. No evidence of any jurisdictional or fundamental defect was shown. The notice by publication and the return of the treasurer as filed by her with the county clerk are not attached. There is no entire absence of a return of sale or an absence of a notice of sale. The evidence shows both were made and filed in the office of the county clerk. The notices of sale show on their face the dates of their first publication. No statute requires the certificate of the advertisement verified by affidavits to be attached to the return of sale. The statute merely directs that it be filed. Jepeway v. Barrett, supra. No evidence was introduced that no proof of publication had been filed, or that publication was not made as required by the statute, the only evidence on the point being the returns of sale introduced by the defendant, to which no proofs of publication were attached. This is not enough to prove that no proofs of publication had been filed. There being no proof of any fundamental or jurisdictional defect in the proceedings leading to the deed or in the deed itself, the deed was not void. It might be voidable on production of more definite proof.

2. In proceedings affecting certificate tax deeds, section 9751, C. O. S. 1921 (12761, O. S. 1931), provides that the rule that tax proceedings are to be strictly construed as against the tax purchaser shall not apply, but in all courts the provisions affecting certificate tax sales shall be liberally construed, to the end that its provisions and proceedings thereunder shall be sustained. This rule of liberal construction applies to a certificate tax deed where mere irregularities or defects appear in the doing of acts required by the statutes and a complete omission of such acts is not shown. Sarkeys v. Kroeger, 149 Okla. 200, 299 P. 878. The same section provides that to defeat the deed the person desiring to resist the recovery of possession by the holder of the deed, or pleading a defense thereto, in addition to making certain required showings, must tender in open court for the use of the holder of the tax deed all taxes, penalties, interests, and costs he would be required to pay on a redemption of the land from tax sale, and on failure so to do his defense shall be dismissed. This court has apparently never directly passed on the effect of this section of the statute where the deed relied on was not void and the defendant asked no affirmative relief, but resisted recovery of possession by the holder of the tax deed and pleaded a defense

to a recovery of possession. In Clark v. Board of Com'rs, 143 Okla. 18, 285 P. 127, syllabus 5, we said:

"The * * * statutes requiring a tender as a condition precedent to setting aside tax deeds (section 9751, C. O. S. 1921), the statutes providing the form of tax deeds (section 9752, C. O. S. 1921), and the statutes providing the necessary allegations to defeat a tax deed (section 9751, C. O. S. 1921), apply to tax deeds authorized by law. * * *"

We have held where the tax deed is void no tender of taxes is necessary. Campbell v. McGrath, 117 Okla. 126, 245 P. 634; Davenport v. Doyle, 59 Okla. 341, 157 P. 110; Lind v. Stubblefield, 138 Okla. 280, 282 P. 363. We have held that where the landowner is the moving party and brings suit to cancel or set aside a tax deed for irregularities, he must make a tender of the taxes paid by the tax certificate holder. Sarkeys v. Lee, 149 Okla. 287, 300 P. 383. That is not the case here under the state of the record. The provisions of section 9751, C. O. S. (12761, O. S. 1931), are plain. They require that one resisting recovery of possession by a certificate tax deed holder, or pleading a defense to a recovery, shall offer to pay the just taxes assessed against the property and paid by the tax deed holder. While it is stated in Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707, 710, that we read out of section 9753, C. O. S. 1921 (12763, O. S. 1931), the words "or to avoid such deed." in the decision of Cadman v. Smith, 15 Okla. 633, 85 P. 346, upon an equitable principle in direct conflict with a plain provision of the statute, we see no reason why we should now read out of section 9751 (12761, O. S. 1931), its plain provisions requiring tender of the tax paid. There is no claim here that the taxes were not properly assessed nor legally due, and no showing is made of any want of jurisdiction or authority in the county treasurer to issue the deed, such as a failure of the tax certificate holder to comply with section 9749, C. O. S. 1921 (12759, O. S. 1931) or otherwise. The record indicates the plaintiff has expended in excess of $1,700 in taxes on said property.

Defendant suggests that to require her to make a tender of such taxes as provided in said section would be in violation of the protection guaranteed her by the Constitution of Oklahoma, and the Fourteenth Amendment to the Constitution of the United States, from being deprived of property without due process of law, but fails to set out the particulars in which she is denied due process of law. The cases of Rokendorff v. Taylor's Leases, 4 Peters, 349, 7 L. Ed. 882; and Mason v. Fearson, 9 How. 248. 13 L. Ed. 125, and Eustis v. City of Henrietta (Tex.) 39 S. W. 567, cited by defendant, do not appear in point under the facts here. The procedure to secure a certificate tax deed under our statute is not ex parte (sec. 9749, C. O. S. 1921; 12759, O. S. 1931). The deed in question here is not void either on its face or otherwise under the record. Our revenue and taxation laws provide a complete method of procedure respecting the assessment, levying and collection of taxes, including methods for relief in the event of erroneous or illegal assessments. The state of Colorado has a statute, in many respects similar to ours, which provides that a defendant in an action for the possession of land under a tax deed cannot defend on the ground of the invalidity or insufficiency of the deed unless the defendant first deposits with the clerk of the county a sufficient sum to pay the taxes, interests, expenses, and penalties. The Supreme Court of that state held such act constitutional in Delta Land & Orchard Co. v. Zaninetti, 170 P. 964, and reaffirmed that holding in Pendleton v. Mosca Irr. Dist., 1 P. (2d) 99.

We accordingly hold that where suit for possession is brought by the holder of a tax certificate deed valid on its face, and not otherwise void by reason of some fundamental or jurisdictional defect in the proceedings leading to the issuance of said deed, and said suit is brought in statutory time, the person desiring to resist the recovery of possession by the holder of such deed, or desiring to plead a defense to such recovery relying on defects or irregularities in the acts leading to the issuance of the deed, is bound to make the tender required in section 9751, C. O. S. 1921 (12761, O. S. 1931), even if no affirmative relief be asked.

3. It is contended by defendant that the tax certificates originally issued to Joseph Adams had not been assigned to the plaintiff. The only evidence on the subject was the assignments appearing on the tax certificates themselves, which read as follows:

"Assignment.

"December 14th, A. D. 1926

"For value received, I, the within named owner, assign and transfer the within certificate together with all my title and interest in and rights under the same to Eugene Wetzel.' "

"State of Oklahoma, Kay County, ss.

"Before me, John C. Choyce, a notary

public in and for said county and state, this 14th day of December, A. D. 1926 personally appeared Joseph Adam, to me known to be the identical person who executed the within and foregoing instrument and assignment of tax certificate, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

"(Seal)          John C. Choyce

"My commission expires 5/14/1930

    "Surrendered this ____ day of____ _____ A. D. 192__, on receipt of $_____ redemption money.

"Signature         Joseph Adam."

It is claimed that the signature of Joseph Adam not appearing in the blank above the certificate of the notary, it was not executed by him. This contention is without merit. The signature of Joseph Adam appears on the assignment below the signature of the notary public, and is not denied. The form of the acknowledgment is not attacked and appears to be regular. The notary public's signature and his notarial seal are affixed, the date of the expiration of his commission is shown, his certificate definitely states that Joseph Adam executed the instrument "and assignment of tax certificate," and that Joseph Adam acknowledged before the notary that he had executed the same as his free and voluntary act and deed for the uses and purposes therein set forth. It is not essential that a signature appear in an exact place on an instrument. 8 R. C. L. 938; 13 Cyc. 554.

The cause is reversed and remanded, with directions to the trial court to grant plaintiff a new trial and to require defendant, as a condition precedent to making defense, to tender taxes, penalty, interest, and costs, as provided for in section 12761, O. S. 1931.

The Supreme Court acknowledges the aid of Attorneys Frank D. McSherry, Guy L. Andrews, and Clark Nichols in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McSherry and approved by Mr. Andrews and Mr. Nichols, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.