**GILBERT, Rec., v. COCHRAN et al.**

No. 28020. April 12, 1938.

Rehearing Denied June 14, 1938.

Little & Bowman, for plaintiff in error.

J. W. Bolen, for defendants in error.

GIBSON, J. The plaintiff in error, who was in possession of and claiming title to certain real estate under a tax deed, commenced this action in the district court of Pontotoc county against defendants in error to quiet title to said property. The appeal is taken from a judgment in favor of defendants below avoiding the deed for the alleged failure of the county treasurer to comply with certain statutory requirements in the conduct of the sale of the premises.

The parties are hereinafter designated in the order of their appearance at the trial.

The deed in question is one commonly termed a certificate deed, which is based upon a certificate of sale issued pursuant to the statutes authorizing the regular annual November sales of realty for delinquent taxes (sections 12740-12752, O. S. 1931, 68 Okla. St. Ann. 381-392, 411). The certificate upon which the present deed is based was issued to the county in default of bidders at the November, 1930, sale (section 12750, O. S. 1931, 68 Okla. St. Ann. 391); the plaintiff purchased the certificate and the same was assigned to him pursuant to section 12752, O. S. 1931, 68 Okla. St. Ann. 411.

Thereafter the plaintiff applied for a deed, after giving notice of his intention so to do (section 12759, O. S. 1931, 68 Okla. St. Ann. 451), and the deed was thereupon issued. We may say here that this notice, though criticized in defendants' brief, appears regular in every way. Since no attack upon this particular notice was launched at the trial, the defendants' argument relative thereto will receive no further consideration.

No contention is made that the deed is void for defects appearing upon the face thereof. The only objections presented to and determined by the trial court were, first, that no notice of the November sale was given as required by section 12741, O. S. 1931, 68 Okla. St. Ann. 382; and, second, that no return of sale was filed by the county treasurer as required by section 12745, O. S. 1931. 68 Okla. St. Ann. 386. This review is therefore confined to those questions.

The plaintiff complains that the trial court's judgment on the foregoing issues was contrary to law.

Section 12741, supra, prescribing the manner of notice of such sales, provides that the treasurer shall give the notice of the sale of real property for delinquent taxes by publication thereof once a week for three consecutive weeks, commencing after the first day of October, preceding the sale, in some newspaper in the county to be selected as therein provided.

The notice was published in a legal newspaper on the dates of October 10th. 17th, and 24th. The sale was therein fixed on the statutory day of November 3rd. Defendants say that the duration of this notice was insufficient, claiming in this respect that the same ran only 13 days as if the publication extended from the 10th to the 24th only. They contend that the notice is void, and, the same being mandatory, left the county treasurer without jurisdiction to make the sale.

The position thus assumed by defendants cannot be sustained. The notice was clearly given as provided by the statute; the publication thereof was "once a week for three consecutive weeks," as the statute prescribed. The first publication was after the first day of October preceding the sale, as required. and appeared in three weekly issues which extended the publication from the date of the first insertion. October 10th, to the last day next preceding the fourth successive issue of the paper due October 31st. That the issue of October 31st did not contain the no-

tice is of no importance. The statute plainly allows three weeks' publication with but one restriction, that the same commence after October 1st.

This court in Buhler v. Hysell, 37 Okla. 392, 132 P. 140, when considering a very similar provision in a former statute, held as follows:

"A sale of land for delinquent taxes was made November 16, 1903. The notice of sale was published October 24th and 31st and November 7th preceding the sale. Held, that there was a sufficient compliance with section 6021, Wilson's Rev. & Ann. Stat. 1903, which required the notice of sale to be published 'once a week for three consecutive weeks. commencing after the third Monday in October preceding the sale, * * *' and that the failure to publish the notice on the 14th of November did not render the sale void."

We hold the rule applicable in the instant case.

The next question deals with the sufficiency of the treasurer's return of sale. Section 12745. supra, provides that the county treasurer shall, on or before the last day of November, file with the county clerk a return of his sale, retaining a copy in his own office, setting out certain things, "and also a copy of the notice of sale, with the certificate of the advertisement verified by affidavits, and such certificate shall be evidence of the regularity of the proceedings."

Defendants charge that there was no affidavit or proof of publication of the notice of sale as required by section 12745. In this connection it is asserted that the filing of the proof of publication with the treasurer or with the clerk was necessary to the validity of the sale. Defendants apparently assume the position that the affidavit of the publisher constituted a jurisdictional matter, the absence thereof rendering the sale void.

A return of sale in due form was filed, except the publisher's affidavit did not accompany the newspapers contained in the return. No such affidavit was made until the year 1936. The newspapers containing the advertisements were given in evidence along with the aforesaid affidavit of the publisher. This evidence clearly reveals a legal advertisement of the sale, and it is undisputed. The filing of such affidavit with the return of sale is not a jurisdictional requirement. In Wetzel v. Lessert. 169 Okla. 294, 36 P.2d 750, when considering the same statute, we said:

"The alleged violation of the statute was the county treasurer's failure to retain in her office a copy of her return of sale and her failure to file a certificate of the advertisement verified by affidavits, relying upon the cases Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807; Massey v. Tucker, 141 Okla. 193, 284 P. 648; Harmon v. Driver, 148 Okla. 289, 298 P. 601. These cases, in so far as they may sustain defendant's contentions, were overruled in Jepeway v. Barrett, 165 Okla. 220, 25 P.2d 661, decided after the briefs were filed herein The failures attributed to the county treasurer herein were not such as to make the deed void."

In the instant case proper affidavit of publication was procured at a later date. This constituted evidence of the regularity of the notice of sale to the same extent as if the same had been attached to the return when filed with the county clerk, and sufficiently complies with the statute (section 12745). In the Wetzel Case, above, we said further:

"No statute requires the certificate of the advertisement verified by affidavit to be attached to the return of sale. The statute merely directs that it be filed."

The filing of the publisher's proof of publication is not jurisdictional. If filed, it is "evidence of the regularity of the proceedings." The statute does not preclude it as evidence if not filed with the return. While legal publication of notice of sale is necessary, the provision that affidavit of proof thereof be filed with the return is merely directory. Failure to file same is an irregularity which may be supplied or corrected by evidence of legal publication. The deed, valid on its face, is presumptive evidence that the sale was duly advertised. Subdivision 6, sec. 12760, O. S. 1931, 68 Okla. St. Ann. 452 (6). In the face of this presumption the burden was upon defendants to show want of legal notice. Rucker v. Burke, 170 Okla. 243, 39 P.2d 6. This they failed to do.

In view of the foregoing, it becomes unnecessary to consider other certain alleged errors assigned by the plaintiff.

The judgment is reversed and the cause remanded, with directions to enter judgment for plaintiff.

BAYLESS, V. C. J., and RILEY, WELCH, and PHELPS, JJ., concur.